[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #155 MOTION TO MODIFY VISITATION
A hearing was commenced on February 10, 2003 and was completed on March 10, 2003. During the hearing of this matter both parties appeared and presented evidence concerning the instant motion.
In a Motion for Modification dated January 15, 2002 Sharone N. Winfield (hereinafter the "Applicant") moved this Court to modify the current visitation orders as follows:
Children to have overnights with mother at her residence from 5:00 p.m. til Sunday 7 p.m. (sic).
The Applicant asserts that there was been a substantial change in circumstances since the Court entered its orders of July 22, 2002. The Applicant states that said changes are:
Mother moved — asking for overnights with children.
The file concerning this matter indicates that on July 22, 2002, the Court issued the following orders concerning visitation:
The visitation between the children and the mother will resume on the weekend of August 3rd and 4th 2002. The visits will be unsupervised, and will continue at the same times as agreed on January 28, 2002. Those times are alternate Saturdays from noon to 6:00 p.m. and alternate Sundays 2:00 to 7:00 p.m. A drop-off and pick-up location will be determined by Sharone Winfield and Atty Clark.
The evidence presented by the respondent Verle Robinson (hereinafter the "respondent") at the hearing did not dispute the applicant's assertion that she had moved and therefore desired to keep the children overnight in order to spend more quality time with them, however, the respondent asserted that it was not in the best interest of the children CT Page 3602 to spend unsupervised time with the children due to an alleged substance abuse problem that the applicant allegedly had in the past in allegedly continues through today.
In light of the fact that the respondent does not dispute the allegations that the applicant has moved and that said move is a substantial change in circumstances, this Court finds that there indeed has been a substantial change in circumstances.
Section 46b-56 of the Connecticut General Statutes concerns Superior Court orders re custody. Subsection 46b-56 (b) provides in pertinent part that:
In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of thechild, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference . . .[1]
(Emphasis added.)
This Court heard evidence offered by the respondent concerning the applicant's alleged failure to visit the children under the current visitation order, her alleged violent behavior and possible drug usage. The Court found the respondent's testimony to be self-serving and lacking of credibility. However, credible and convincing evidence was introduced by the applicant herself that she did at one time have a substantial substance abuse problem and that said problem had an extremely negative impact on her life and the lives of those around her. The parties disagree on the issue as to whether or not substance abuse remains a problem in the applicant's life.
While the applicant testified that she has already taken steps to address her chemical dependency, she did not provide any evidence other than her own verbal testimony and some limited testimony from her sister that is discussed below.
Michelle Winfield, the sister of the applicant and a friend of the respondent, has been intimately involved in the rearing of the subject children. She testified that in the past she has been the individual who supervised the applicant's visitation with her children before the Court permitted unsupervised visits. The witness went on to testify that she no longer wishes to supervise the visits because she feels that such supervision is no longer necessary. However, she also testified that another reason that she did not want to be involved in the supervised visitations was that the situation had become to stressful for her CT Page 3603 because of her relationships with the parties and the ongoing conflicts between the parties.
When questioned about the applicant's drug use, Michelle Winfield testified that her sister did have a drug problem in the past, but she did not believe that the applicant was currently using. Although the Court found the witness to be a sincere and credible person, other than the conclusory statement of her personal beliefs, the witness did not offer any credible evidence to support her conclusion that the applicant was not currently using illegal substances.
The applicant testified that she has participated in drug programs some time in the past and has successfully completed one of them. Other than her own testimony she did not, however, offer any tangible proof of any participation in, or completion of any such drug programs.
Credible and convincing evidence was introduced at the hearing that the applicant and the subject minor children have a close relationship. It was clear to the Court that the applicant sincerely would like to spend more time with the children and that the children would benefit from such visitation. However this is offset by the fact that the applicant is either a drug addict or a recovering drug addict who has failed to meet her burden of proof that she is not currently using illegal drugs and that her drug use or inclination to use illegal drugs does not present a danger to the children in an unsupervised situation. Nor has the applicant met her burden of proof to show that it is currently in the best interest of the children for her to have unsupervised overnight visitations with them in light of the drug use issue.
This Court does believe that it is in the best interest of the children in this matter to eventually have unsupervised overnight visits with their mother, however, such visitations should only take place after the applicant has provided this Court with evidence, other than her own verbal testimony and the unsubstantiated testimony of other individuals that she is no longer using illegal substances. Such evidence should include proof that the applicant has successfully completed a Court-approved drug evaluation and treatment program that includes components of drug education and random drug testing.[2]
For the foregoing reasons the Motion for Modification is denied.
 Richard Allan Robinson, J. March 14, 2003